UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BOBBY SMITH, on his own behalf and
others similarly situated,

    Plaintiff,

v.                                                 Case No. 6:12-cv-676-Orl-36TBS

LAGASSEE, INC., and UNITED
STATIONERS SUPPLY CO.,

    Defendants.
_____/

## ORDER

Pending before the Court is the parties' Amended Joint Motion to Approve Settlement and Dismiss with Prejudice (Doc. 22). For the following reasons, the undersigned cannot recommend approval of the parties' motion.

The parties' Settlement and Release Agreement ("Agreement") contains a pervasive general release of Defendants by Plaintiff which offends the principles of the Fair Labor Standards Act. (Doc. 20-1). This Court is guided by prevailing case law in this Circuit, including <u>Dees v. Hydradry</u>, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and <u>Fiber Moreno v. Regions Bank</u>, 729 F. Supp. 2d 1346 (M.D. Fla. 2010). District courts have found the scope of a pervasive release—that is, the release from any claims "known and unknown," or " past, present and future," or "statutory or common law"—is unfair and inconsistent with the aims of the FLSA. <u>Moreno</u>, 729 F. Supp. 2d at 1352-53 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.") An FLSA settlement

agreement "that contains a pervasive release of unknown claims fails judicial scrutiny." Moreno, 729 F. Supp. 2d at 1352.

The Agreement also contains a provision which would preclude Plaintiff from assisting or participating in any way with any other lawsuit against Defendants except upon Defendants' request or in response to a subpoena. If the parties interpret this provision to impose any obligation of confidentiality upon Plaintiff then it is in contravention of the FLSA. Dees, 706 F. Supp. 2d at 1242-43 ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights . . . The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."); see also Connor v. Educ. Servs. of Am., No. 3:10-cv-471-J-32JRK, 2011 U.S. Dist. LEXIS 149959, at * 2-3 n.2 (M.D. Fla. Dec. 27, 2011); Glass v. Krishna Krupa LLC, No. 10-mc-00027-CG-B, 2010 U.S. Dist. LEXIS 110139, at *2-4 (S.D. Ala. Oct. 15, 2010); Valdez v. T.A.S.O. Props., No. 8:09-cv-2250-T-23TGW, 2010 U.S. Dist. LEXIS 47952, at * 3-4 (M.D. Fla. April 28, 2010). The court in Dees explained that "[t]he judge's 'approving' a settlement constitutes a 'public act,' and the public 'has an interest in knowing what terms of settlement a federal judge would approve.'" Dees, 706 F.Supp.2d at 1244-45, quoting Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002). According to Dees, "precluding other employees' and the public's access to, and knowledge of, the agreement [] thwarts Congress's intent both to

advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." Id. at 1245.

The parties have through September 28, 2012 within to submit a revised settlement agreement addressing the Court's concerns. Should the parties elect to stand on their current Agreement, then the Court will issue a report and recommendation that their joint motion be denied.

ORDERED IN CHAMBERS in Orlando, Florida, on September 14, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

The Presiding United States District Judge

Counsel of Record